UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASANDRA PASTRANA, and
TAYLOR GARTENMAYER,
    Plaintiffs,

CASE NO.:

v.

LEVEL UP FITNESS, LLC,
GROWTH FITNESS, LLC and
JEFFREY LESSEGUE, as aider and abettor,
    Defendants
_____/

**COMPLAINT**
*(Jury Trial Demanded)*

Plaintiffs, CASANDRA PASTRANA and TAYLOR GARTENMAYER ("Plaintiffs"), by and through their attorneys, bring this Complaint against Defendants, LEVEL UP FITNESS, LLC, GROWTH FITNESS, LLC and JEFFREY LESSEGUE as an *aider and abettor*, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and states as follows:

**INTRODUCTION**

1. Plaintiffs bring this suit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Florida Minimum Wage Act, F.S. 448.01 *et seq.* ("FMWA"), the Federal, Florida and Miami-Dade County Wage Theft Prevention Acts ("WTPA"), and all other local statutes and regulation for the failure to pay Plaintiffs all wages owed to them for work performed for Defendants.

2. Specifically, Plaintiff PASTRANA performed one hundred seventy-one (171) hours of work for Defendants from December 1, 2020 until December 31, 2020 and was not paid a single penny.

1

3.      Specifically, Plaintiff GARTENMAYER performed one hundred fifty (150) hours of work for Defendants from December 1, 2020 until December 31, 2020 and was not paid a single penny.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over Plaintiffs' federal law wage claims pursuant to 28 U.S.C. §§ 1331 and 1343(4) because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights as well as 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiffs' state and local law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiffs' federal law wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

## THE PARTIES

7.      At all times during the term of Plaintiffs' respective employment for Defendants, they were employees within the meaning of the FLSA, FMWA and WTPA.

8.      At all times during the term of Plaintiffs' respective employment, Defendants were employers within the meaning of the FLSA, FMWA and WTPAs.

9.      Upon information and belief, Defendant LEVEL UP FITNESS, LLC, is a limited liability corporation authorized to do business in the State of Florida with its principal place of business located at 10851 SW 88th Street, 308, Miami, FL 33176, with gross annual sales of over $500,000.

10. Upon information and belief, Defendant GROWTH FITNESS, LLC., is a limited liability corporation authorized to do business in the State of Florida with its principal place of business located at 12020 SW 114th Place Miami, FL 33176, with gross annual sales of over $500,000.

11. Upon information and belief, Jeffrey Lessegue is the owner and chief operating officer of Defendant GROWTH FITNESS and LEVEL UP FITNESS.

## FACTS

12. Plaintiff PASTRANA was employed by Defendants as a personal trainer since approximately June 2019.

13. Plaintiff GARTENMAYER was employed by Defendants as a personal trainer since November 2019.

14. Plaintiffs PASTRANA and GARTENMAYER's job duties included but were not limited to procuring gym memberships and providing fitness training to clients.

15. Plaintiffs PASTRANA and GARTENMAYER's training services helped the Defendants accumulate additional customers for monthly gym memberships.

16. From December 1, 2020 until December 31, 2020, Plaintiffs were not paid for any of their wages duly owed to them for work performed for the benefit of Defendants.

17. While employed with the Defendants, Plaintiff PASTRANA sold training packages to prospective clients at a rate determined by the Defendants.

18. The clients would sign up for Plaintiff PASTRANA's training services and directly pay the Defendants for her service through an application named Vagaro as well as a monthly fee for a gym membership.

19. Each month, Plaintiff PASTRANA and other trainers were required to pay the Defendants five-hundred dollars ($500.00) from their earnings and were entitled to every dollar amount earned over that.

20. The Defendants would collect the five-hundred dollars ($500.00) from the Plaintiffs and compensate them with the remaining money earned.

21. From December 1, 2020 until December 31, 2020, Plaintiff PASTRANA performed one hundred seventy-one (171) hours of work for the benefit of Defendants and is owed $5,790.00.

22. From December 1, 2020 until December 31, 2020, Plaintiff GARTENMAYER performed one hundred fifty (150) hours of work for the benefit of Defendants and is owed $4,300.00.

23. On or about January 7, 2021, Plaintiff PASTRANA sent a text to Defendant LESSEGUE, concerning the whereabouts of her pay for the month of December 2020. However, Defendant LESSEGUE failed to respond.

24. On or about January 8, 2021, Plaintiff PASTRANA again texted Defendant LESSEGUE, concerning the whereabouts of her pay for December 2020. This time, Defendant LESSEGUE responded by admitting that he failed to pay Plaintiff PASTRANA her wages for December and further admitted that he was retaliating against her for quitting by delaying the payment of her wages. Specifically, rather than direct depositing Plaintiff PASTRANA's wages, Defendant LESSEGUE informed her that since she quit, he did not want to pay direct deposit fees and that ADP would mail her the final check and W-2 forms.

25. On January 19, 2021, Plaintiff PASTRANA sent a text to Defendant LESSEGUE since she had still not received her wages. Defendant LESSEGUE failed to respond.

26. On January 29, 2021, Plaintiff PASTRANA again sent a text to Defendant LESSEGUE concerning her missing wages.

27. On January 30, 2021, Defendant LESSEGUE responded to Plaintiff PASTRANA's text by laughing and then replying that he will personally handle it this week. However, Defendant LESSEGUE lied and did not "handle it" that week.

28. A week later, on February 7, 2021, Plaintiff PASTRANA sent a text to Defendant LESSEGUE concerning her missing wages and W-2. However, Defendant LESSEGUE failed to respond.

29. On March 29, 2021, undersigned counsel sent Defendants a formal Demand for Unpaid Wages/Final Pay Owed *via* certified mail for both Plaintiff GARTENMAYER and Plaintiff PASTRANA. A copy of said Demands from Plaintiffs GARTENMAYER and PASTRANA are attached hereto as **Exhibit A**. A copy of certified mail receipts and tracking information for said Demands are attached hereto as **Exhibit B.** Said demand gave Defendants fifteen (15) days to pay Plaintiffs their unpaid wages and provide them with their 2020 W-2s. Unsurprisingly, Defendants did not respond or provide Plaintiffs with their duly owed wages and 2020 W-2s.

30. It is clear from Defendants actions that they are intentionally and willfully withholding Plaintiffs' wages and refusing to produce to their 2020 W-2s in direct violation of the FLSA, FMWA and WTPA.

31. It is clear from Defendant LESSEGUE's actions that he intentionally and willfully assisted Defendants in violating these Statutes and, as such, is personally and jointly liable for any judgment or verdict entered by this Court.

32. As a result, Plaintiffs are entitled to full compensation for their earned wages, 100% liquidated damages, 100% compensatory damages, punitive damages, 9 % statutory interest, a

$5000 penalty for each of Defendants' violations of the Wage Theft Prevention Act, attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FLSA

33. Plaintiffs allege and re-allege all the paragraphs above, as if stated full herein.

34. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiffs for the entirety of their hours worked in violation of 29 U.S.C. § 206(a).

35. Because of Defendants' willful violation of FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, and an equal amount in the form of liquidated damages, and additional and equal amount in the form of compensatory damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and proper.

## COUNT II
## VIOLATION OF FMWA

36. Plaintiffs allege and re-allege all the paragraphs above, as if stated full herein.

37. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiffs for the entirety of their hours worked in violation of the FMWA.

38. Because of Defendants' willful violation of FMWA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, and an equal amount in the form of liquidated damages, and additional and equal amount in the form of compensatory damages, as well as reasonable attorneys' fees and costs of the action pursuant to F.S.448.08, including pre-judgment interest, all in an amount to be determined at trial pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and proper.

## COUNT III
## AIDER AND ABETTOR LIABILITY

39. Plaintiffs allege and re-allege all the paragraphs above, as if stated full herein.

40. Defendant LESSEGUE knowingly, willfully, and intentionally failed to compensate Plaintiffs for the entirety of their hours worked in violation of the FLSA and FMWA.

41. Defendant LESSEGUE knowingly, willfully, and intentionally failed to keep accurate payroll and employment records of Plaintiffs and failed to provide them with their 2020 W-2s in violation of the WTPA.

42. Defendant LESSEGUE knowingly, willfully, and intentionally assisted, aided and abetted Defendant GROWTH FITNESS and Defendant LEVEL UP FITNESS in the commission of violating these Statutes.

43. Because of Defendant LESSEGUE's intentional and willful actions, he should be found personally and jointly liable as an aider and abettor.

44. Because of Defendant LESSEGUE's willful violations of the FLSA FMWA and WTPA, Plaintiffs are entitled to recover from Defendant LESSEGUE, jointly and severally, their unpaid wages, and an equal amount in the form of liquidated damages, and additional and equal amount in the form of compensatory damages, as well as reasonable attorneys' fees and costs of the action pursuant to F.S.448.08, including pre-judgment interest, all in an amount to be determined at trial pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and proper.

## COUNT IV
## VIOLATION OF WTPA

45. Plaintiffs allege and re-allege all the paragraphs above, as if stated full herein.

46. Defendants, knowingly and fraudulently destroyed and failed to provide Plaintiffs' payroll and employment records and 2020 W-2 forms in an attempt to avoid paying Plaintiffs for their wages and to avoid paying payroll taxes to the Internal Revenue Service and Florida Department of Taxation.

47. Defendants employed a scheme used to undermine the WTPA which was aided by Defendant LESSEGUE.

48. As a result, Plaintiffs are entitled to the statutorily allowed penalty of $5000 per violation and attorneys' fees pursuant to Miami-Dade County Code of Ordinances Chapter 22-5(1).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs request a trial by jury on all issues so triable.

## CONCLUSION

**WHEREFORE**, Plaintiffs pray for the following relief:

   i) All unpaid wages due to Plaintiffs for all hours worked for the benefit of Defendants;

   ii) Treble damages of Plaintiffs' owed wages in the form of liquidated and compensatory damages;

   iii) Punitive damages in the amount of $1,000,000 per Plaintiff;

   iv) Finding Defendant LESSEGUE personally and jointly liable as an aider and abettor;

v)   The Statutorily allowed interest rate of 9% of Plaintiffs' owed wages;

vi)   Attorneys' fees and costs for bringing this action;

vii)   Declaring that Defendants' violated the aforementioned Statutes;

viii)   A $5000 penalty for each violation of the WTPA;

ix)   Issuance of Plaintiffs' 2020 W-2 forms; and

x)   For all other relief this Court deems just and proper.

Dated:  May 27, 2021

        Respectfully submitted,

**JOSEF TIMLICHMAN LAW, PLLC**
Attorneys for Plaintiff
18851 NE 29 Avenue, Suite 700
Aventura, Florida 33180
Tel:   (305) 748-3789
Fax:   (305) 847-2441
Email: josef@lawnowfl.com
      edward@lawnowfl.com
      info@lawnowfl.com

*/s/ Edward Armellino*
Edward Armellino, Esq.
Fla. Bar No. 114904
Josef Timlichman, Esq.
Fla. Bar No. 121265