UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21985-BLOOM/Otazo-Reyes

CASANDRA PASTRANA, *et al.*,

    Plaintiffs,

v.

LEVEL UP FITNESS, LLC, *et al.*,

    Defendants.
_____/

**ORDER ON MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS ON DEFENDANT JEFFREY LESSEGUE**

**THIS CAUSE** is before the Court upon Plaintiff Casandra Pastrana's and Taylor Gartenmayer's ("Plaintiffs") Verified Motion for Extension of Time to Effectuate Service of Process on Defendant Jeffrey Lessegue ("Defendant Lessegue"), ECF No. [23] ("Motion"), filed on August 24, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On May 27, 2021, Plaintiffs initiated this action against Level Up Fitness LLC, Growth Fitness LLC ("Entity Defendants"), and Jeffrey Lessegue (collectively, "Defendants"). *See generally* ECF No. [1]. Service of the summonses and Complaint was executed on the Entity Defendants on June 11, 2021. ECF Nos. [10] & [11]. The Entity Defendants, however, failed to answer, or otherwise appear in this action. On July 15, 2021, Plaintiffs filed a Motion for Clerk's Default against the Entity Defendants. ECF No. [15]. That same day, Clerk's Default was entered. ECF No. [16]. On August 18, 2021, pursuant to the Court's Order on Default Judgment Procedure,

ECF No. [21], Plaintiffs filed their Notice of Joint Liability, ECF No. [22]. At this time, Defendant Lessegue has not been served.

In the instant Motion, Plaintiffs represent that Defendant Lessegue "has continuously evaded personal service of the Complaint" and requests an extension of time to effectuate service of process on Defendant Lessegue pursuant to Fla. Stat. §§ 48.161, 48.181. ECF No. [23] ¶¶ 4, 16. Plaintiffs explain that Defendant Lessegue is aware of these proceedings and has communicated with both counsel for Plaintiffs and the process server, but nonetheless refuses to open the door to his home or appear at his place of business. *Id.* ¶¶ 5-7; *see also* ECF Nos. [23-1], [23-2], & [23-3]. Additionally, on July 8, 2021, Defendant Lessegue "[m]ade arrangements" with the process server to meet the following day, but failed to do so. ECF No. [23] ¶ 6; *see also* ECF No. [23-2]. Based upon the two affidavits from Plaintiffs' retained process server, between May 25, 2021 and July 16, 2021, the process server made fifteen unsuccessful attempts to serve Defendant Lessegue at his home and at his place of business. ECF Nos. [23-1] & [23-2].

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Florida Statute §§ "48.161 and 48.181 allow service of process to be effectuated on any resident of Florida, or who conducts business in the states, and who conceals his or her whereabouts, via a substituted service of process." *Walker v. Kirkman Mgmt., LLC*, No. 6:20-CV-1149-ACC-EJK, 2021 WL 3518276, at *2 (M.D. Fla. Mar. 25, 2021) (Under Fla. Stat. § 48.181 "any person who is a resident of Florida, conducts or operates a business in the state, and who conceals his or her whereabouts has effectively appointed the Secretary of State as their agent on whom process may be served." (citing *Kasby v. Upper Deck Bar and Grill, LLC*, No. 6:11-cv-152-

Orl-36GJK, 2012 WL 13141504 (M.D. Fla. Sept. 26, 2012))); *see also Nova Cas. Co. v. Just Beach Inn, LLC*, No. 13-60911-CIV, 2013 WL 12086664, at *2 (S.D. Fla. June 27, 2013).

> To effectuate service of process under Fla. Stat. § 48.161, Plaintiffs must:
>
> (1) allege facts in the complaint that bring the defendant within the purview of the substitute service statute (*e.g.,* that the defendant is a nonresident subject to the court's jurisdiction who cannot be located despite due diligence or that the defendant is actively concealing his or her whereabouts); (2) serve the Secretary of State by providing him or her (or their delegate) with a copy of the summons and complaint; (3) pay the requisite fee to the Secretary of State; (4) provide **Notice** of service upon the Secretary of State **to the defendant** by sending him or her a copy of the summons and the complaint **by registered or certified mail;** (5) **file the registered or certified mail return receipt;** and (6) file an affidavit of compliance on or before the return date of the process.

*EHR Aviation, Inc. v. Lawson*, No. 3:09-CV-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (emphasis in original) (citing Fla. Stat. § 48.161; *Hernandez v. State Farm Mutual Automobile Insurance Co.*, 32 So. 3d 695, 699 (Fla. 4th DCA 2010)). "[A] party is not required to seek leave from the court before obtaining substituted service. . . . [plaintiff] must still comply with the requirements of § 48.161 in order to perfect service of process" and a defendant is not precluded "from challenging service of process at a later time." *Nova Cas. Co.*, 2013 WL 12086664, at *2.

Additionally, Federal Rule of Civil Procedure 5(a)(2), which "governs the service of amended complaints on parties in default" provides that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2); *Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-CV-54-ORL-31KRS, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014). Thus, a party may "serve an amended complaint by mail, in accordance with [Rule 5(b)], when the amended complaint does not assert new claims for relief." *Amarelis*, 2014 WL 5454387, at *3 (citing *Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla.*, No. 6:12-cv-1383-

Orl-36KRS, 2013 U.S. Dist. LEXIS 184601, at *9 (M.D. Fla. Dec. 20, 2013), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 13035, 2014 WL 440083 (M.D. Fla. Feb. 3, 2014)); *see also Parks v. RS Equity Holdings LLC*, No. 8:19-CV-1583-T-36JSS, 2020 WL 1820578, at *2 (M.D. Fla. Apr. 10, 2020).

Due to Plaintiffs' ongoing difficulties to personally serve Defendant Lessegue, as well as their representations that Defendant Lessegue is evading service, *see* ECF Nos. [23-1] & [23-2], the Court finds that good cause exists to extend the service deadline and permit Plaintiffs to file an Amended Complaint to assert facts that bring Defendant Lessegue within the purview of the substituted service statute. *See EHR Aviation, Inc.*, 2011 WL 46119, at *1; *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' . . . Even in the absence of good cause, a district court has the discretion to extend the time for service of process." (citations omitted)); *see also Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335-Orl-37GJK, 2015 WL 12844297, at *2 (M.D. Fla. Apr. 15, 2015) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." (citations omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [23]**, is **GRANTED**.
2. Plaintiffs shall have through and including **September 24, 2021**, within which to effectuate service of process upon Defendants Level Up Fitness LLC, Growth Fitness LLC, and Jeffrey Lessegue with the Amended Complaint.

Case No. 21-cv-21985-BLOOM/Otazo-Reyes

3. To the extent the Amended Complaint does not assert additional claims for relief, Plaintiffs may serve Defendants Level Up Fitness LLC and Growth Fitness LLC with the Amended Complaint by mail in accordance with Fed. R. Civ. P. 5(b).

4. Plaintiffs are advised that upon the filing of the Amended Complaint, the Clerk's Default, ECF No. [16], will be set aside.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 26, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record