UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21985-BLOOM/Otazo-Reyes

CASANDRA PASTRANA, *et al.*,

    Plaintiffs,

v.

LEVEL UP FITNESS, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Casandra Pastrana's ("Pastrana") and Taylor Gartenmayer's ("Gartenmayer") (collectively, "Plaintiffs") Motion for Entry of Default Final Judgment, ECF No. [43] ("Motion"), filed on November 19, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

### I. PROCEDURAL BACKGROUND

On May 27, 2021, Plaintiffs filed their initial complaint for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Florida's Minimum Wage Act, Fla. Stat. § 448.01, *et seq.* ("FMWA"), and the Miami-Dade County Wage Theft Prevention Act, Miami-Dade County Code of Ordinances Chapter 22-5(1) ("Ordinance"). *See* ECF No. [1]. Plaintiffs' claims are asserted against Defendants Level Up Fitness LLC ("Level Up Fitness"), Growth Fitness LLC ("Growth Fitness") (collectively, "Entity Defendants"), and Jeffrey Lessegue ("Lessegue") (collectively, "Defendants").

After serving the Entity Defendants and obtaining a Clerk's Default against them, ECF No. [16], Plaintiffs were unable to effectuate service of process on Lessegue. Plaintiffs thereafter moved for an extension of time to effectuate service of process on Lessegue, ECF No. [23]. The Court granted that motion. ECF No. [24] ("Order"). On August 30, 2021, Plaintiffs filed their First Amended Complaint pursuant to the FLSA, FMWA, and Ordinance, adding that the Lessegue was evading service. *See generally* ECF No. [25] ("Amended Complaint").

Pursuant to this Court's Order and Fed. R. Civ. P. 5, Plaintiffs served the Entity Defendants with the Amended Complaint via certified mail at both the current location of the business and the address listed for their Registered Agent. ECF No. [28]. Plaintiffs then effectuated service of process on Lessegue via the Secretary of State on September 7, 2021, and notice was served on Lessegue via certified mail on September 10, 2021, at both the current location of the business and his home address. ECF Nos. [26]-[27], [29]-[30], & [32]. Upon Defendants' failure to timely answer or otherwise respond to the Amended Complaint, the Court entered an Order on Default Procedures, requiring Defendants' response to the Amended Complaint by October 7, 2021. ECF No. [33]. Defendants failed to comply, and Plaintiffs filed a Motion for Clerk's Default, ECF No. [34], which was entered that same day, ECF No. [35]. To date, Defendants have failed to file or serve any response as required by law to Plaintiffs' Amended Complaint.

In the Motion, Plaintiffs seek default final judgment against Defendants as to their claims under the FLSA (Count I), FMWA (Count II), Aider and Abettor Liability (Count III), and Ordinance (Count IV), as well as an award of damages, attorneys' fees, and costs.

## II.  FACTUAL BACKGROUND

According to the Amended Complaint, both Level Up Fitness and Growth Fitness are gyms with gross annual sales of over $500,000, respectively. ECF No. [25] ¶¶ 9-10. Level Up Fitness

and Growth Fitness have the same principal place of business, share assets and locations, had shared employees, common management and ownership, and exercised common control over operations. *Id.* ¶ 12.

Lessegue is listed as the registered agent for both Level Up Fitness and Growth Fitness. *Id.* ¶ 11. Lessegue is also the owner and chief operating officer of both Level Up Fitness and Growth Fitness. *Id.* Lessegue managed and operated Level Up Fitness and Growth Fitness and exercised authority to hire and fire employees, determine their work schedules, set the rate of pay for employees, determine the employees' rent obligations for use in the gym, and to control the finances and operations of both Level Up Fitness and Growth Fitness. *Id.* ¶ 14.

Pastrana was employed by Defendants from June 2019 through December 2020 as a personal trainer. *Id.* ¶ 21. Pastrana's job duties included, but were not limited to, procuring gym memberships and providing fitness training to clients. *Id.* ¶¶ 21, 23. From December 1, 2020 until December 31, 2020, Pastrana performed 171 hours of work for the benefit of Defendants and is owed $5,790.00, but Defendants have not paid Pastrana any of the wages owed to her. *Id.* ¶¶ 2, 25, 30. Pastrana alleges that Defendants have intentionally and willfully refused to pay her wages for the month of December 2020. *Id.* ¶¶ 39-40.

Additionally, Gartenmayer was employed by Defendants from November 2019 through December 2020 as a personal trainer. *Id.* ¶ 22. Gartenmayer's job duties also included procuring gym memberships and providing fitness training to clients. *Id.* ¶¶ 22-23. From December 1, 2020 until December 31, 2020, Gartenmayer performed 150 hours of work for the benefit of Defendants and is owed $4,300.00, but Defendants have not paid Gartenmayer any of the wages owed to her. *Id.* ¶¶ 3, 25, 31. Gartenmayer alleges that Defendants have intentionally and willfully refused to pay her wages for the month of December 2020. *Id.* ¶¶ 39-40.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006) (default judgment is within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants'

default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Additionally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citation omitted). Damages may be awarded without an evidentiary hearing if the record adequately reflects the basis for award via "'a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also SEC v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005). In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'" *Holtz v. Bagel Mkt., Inc.*, No. 12-62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph Coors*, 777 F.2d at 1543-44).

IV. **DISCUSSION**

    a. **Count I – FLSA**

Count I asserts a claim under the FLSA, 29 U.S.C. § 201, *et seq.* "[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Secretary of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008). In order to establish a claim for unpaid wages under the FLSA, a plaintiff must show (1) that an employment relationship existed with the Defendant, (2) that the parties are covered by the FLSA, and (3) that some work was performed for which the plaintiff was not properly compensated, providing the amount of such liability at least by a just and reasonable inference. *See Michaud v. US Steakhouse Bar and Grill, Inc.*, No. 6:04-cv-1371, 2007 WL 2572197, *3-4 (M.D. Fla. Sept. 5, 2007).

Having reviewed the Amended Complaint, the Court finds Plaintiffs' allegations well-plead and sufficient to establish Defendants' liability under the FLSA. Because Defendants have not come forward with evidence of the precise amount of work performed or other evidence to negate Plaintiffs' *prima facie* case under the FLSA, the "court may award approximate damages based on the employee's evidence." *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988). A defendant who fails to pay an employee in accordance with the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). On the other hand, Section 216(b) of the FLSA does not permit a plaintiff to recover any allegedly unpaid regular wages—so long as the plaintiff's regular wages exceeded the statutorily mandated minimum wage. *See Bolick v. Brevard County Sheriff's Dep't.*,

937 F. Supp. 1560, 1568 (M.D. Fla. 1996). Put another way, by its express terms, Section 216(b) provides a remedy only for unpaid minimum wages or unpaid overtime compensation.

### i. Pastrana

Pastrana seeks damages for unpaid regular, minimum, and overtime wages as well as liquidated damages, attorneys' fees, and costs under the FLSA. Based on the Amended Complaint and her affidavit in support of the Motion, Pastrana seeks $5,700.00 in compensatory damage for her unpaid regular, minimum, and overtime wages, plus an equal amount in liquidated damages, for a total of $11,400.00.[1] ECF No. [25] ¶ 30. The Court finds an error in Pastrana's calculation but concludes that a hearing is unnecessary to determine the appropriate damages in this case. Pastrana has submitted an affidavit in support of the Motion, which is sufficient evidence to show the amount and extent of work she performed for which she was improperly compensated. *See* ECF No. [43] at 13-20 ("Pastrana Affidavit").

Based on her affidavit, Pastrana began working for Defendants in June 2019, *id.* ¶ 4; was paid monthly based on packages she sold to clients, *id.* ¶ 8; worked 171 hours in the month of December 2020, *id.* ¶ 7; received no pay for the month of December 2020, *id.* ¶¶ 10, 13; and was owed $5,700.00. Under the FLSA, Pastrana is only entitled to the statutory minimum wage for her hours worked and overtime wages in excess of forty hours per week. Having worked 171 hours in December 2020, the Court finds Pastrana worked 11 hours of overtime during the unpaid pay period. The statutory minimum wage is $7.25 per hour and overtime wages are one-and-a-half times that amount, $10.875 per hour.

Accordingly, with respect to Count I, Pastrana is entitled to the following damages for unpaid wages under the FLSA:

---

[1] In the Amended Complaint, Pastrana alleges she is owed $5,790 from Defendants. However, because she demanded $5,700 from Defendants, she seeks recovery of only that amount. *See* ECF No. [25-3].

|   |   |   |
|---|---|---|
| 1. | Unpaid minimum wages for December 2020: | $1,160.00 |
| 2. | Unpaid overtime wages for December 2020: | $119.625 |
|   | **TOTAL:** | **$1,279.625** |

As Defendants admitted their violation of the FLSA was willful, Pastrana is additionally entitled to liquidated damages in an amount equal to the total above, which brings her total damages for Count I to **$2,559.25**.

### ii. Gartenmayer

Gartenmayer seeks damages for unpaid regular, minimum, and overtime wages as well as liquidated damages, attorneys' fees, and costs under the FLSA. Based on the Amended Complaint and her affidavit in support of the Motion, Gartenmayer seeks $4,300.00 in compensatory damage for her unpaid regular, minimum, and overtime wages, plus an equal amount in liquidated damages, for a total of $8,600.00. The Court finds an error in Gartenmayer's calculation but concludes that a hearing is unnecessary to determine the appropriate damages in this case. Gartenmayer has submitted an affidavit in support of the Motion, which is sufficient evidence to show the amount and extent of work she performed for which she was improperly compensated. *See* ECF No. [43] at 21-26 ("Gartenmayer Affidavit").

Based on her affidavit, Gartenmayer began working for the Defendants in November 2019, *id.* ¶ 4; was paid monthly based on packages she sold to clients, *id.* ¶ 8; worked 150 hours in the month of December 2020, *id.* ¶ 7; received no pay for the month of December 2020, *id.* ¶¶ 10, 13; and was owed $4,300.00. Under the FLSA, Gartenmayer is only entitled to the statutory minimum wage for her hours worked and overtime wages in excess of forty hours per week. Having worked 150 hours in December 2020, the Court finds Gartenmayer worked no hours of overtime during the unpaid pay period.

Accordingly, with respect to Count I, Gartenmayer is entitled to the following damages for unpaid wages under the FLSA:

1. Unpaid minimum wages for December 2020:    $1,087.50

**TOTAL:    $1,087.50**

As Defendant admitted its violation of the FLSA was willful, Gartenmayer is additionally entitled to liquidated damages in an amount equal to the total above, which brings her total damages for Count I to **$2,175.00**.

### b. Count II – Florida Common Law, Unpaid Wages

Count II asserts a claim for unpaid wages under the FMWA, Fla. Stat. § 448,08. "By its terms, Fla. Stat. [§] 448.08 relates to an award of attorney's fees brought pursuant to another wage law; it does not create a cause of action for unpaid wages." *Grantham v. Bayside Bus. Enterprises*, No. 8:16-CV-2146-T-27TGW, 2017 WL 11113198, at *3 (M.D. Fla. Apr. 12, 2017), *report and recommendation adopted*, No. 8:16-CV-2146-T-27TGW, 2017 WL 11113199 (M.D. Fla. May 8, 2017). Nonetheless, "courts have construed claims for unpaid wages under § 448.08 as claims for unpaid wages under Florida common law." *Id.* (citing *Mussett v. One Touch Direct. LLC*, No. 8:15-CV-2757-T-24TBM, 2016 WL 153228 at *2 (M.D. Fla. 2016); *Perez v. Mediglez Wellness Ctr., Inc.*, No. 8:12-CV-2751-T-33EAJ, 2013 WL 5566183 at *4 (M.D. Fla. Oct. 8, 2013). Thus, Plaintiffs' claim is properly construed as one for unpaid wages under Florida common law.

The term "unpaid wages" is construed broadly under Florida common law. The "[t]erm should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed. . . . Broadly read, this definition embraces salaries, commissions, bonuses, vacation pay, and severance pay." *Elder v. Islam*, 869 So. 2d 600 (Fla. 5th DCA 2004) (citations omitted).

In this regard, Plaintiffs allege that they were not paid any wages for work performed between December 1, 2020 and December 31, 2020. ECF No. [25] ¶¶ 2-3, 25-31; *see also* ECF No. [45] at 13-26. Plaintiffs' factual assertions and supporting affidavits indicating the Defendants failed to pay them earned wages state a claim under Florida common law. By reasons of Defendants' default, those assertions are admitted as true and, accordingly, Defendants are liable to Plaintiffs for violating Florida common law as to unpaid wages.

### i. Pastrana

Pastrana seeks damages for unpaid regular, minimum, and overtime wages as well as liquidated damages under Chapter 448, Florida Statutes. Based on the Amended Complaint and her affidavit in support of the Motion, Pastrana seeks $5,700.00 in compensatory damage for her unpaid regular, minimum, and overtime wages, plus an equal amount in liquidated damages, for a total of $11,400.00. The Court finds an error in Pastrana's calculation but concludes that a hearing is unnecessary to determine the appropriate damages in this case.

Pastrana's Affidavit sufficiently demonstrates the amount and extent of work she performed for which she was improperly compensated. While Pastrana contends she is owed $5,700.00 in unpaid wages under Florida common law, she may not recover for the same element of damage twice. *See Grantham*, 2017 WL 11113198, at *6 ("[A] double recovery based on the same element of damages is prohibited" (quoting *Atlantic Coast Line R. Co. v. Saffold*, 178 So. 288, 290 (1938))). Thus, Pastrana is entitled to recover the difference between her unpaid wages ($5,700.00) and the amount she received under the FLSA ($1,279.625):

| | |
|---|---|
| Unpaid Wages: | $5,700.00 |
| - Total received under the FLSA: | $1,279.625 |
| 1. Remaining Unpaid Wages for December 2020: | $4,420.375 |

**TOTAL:** **$4,420.375**

Pastrana also seeks liquidated damaged under Fla. Stat. § 448.110(6)(c)(1) in the amount of $1,510.84. However, because Pastrana has already recovered minimum wage damages and liquidated damages under the FLSA, the Court exercises its discretion to deny an award of liquidated damages under Fla. Stat. § 448.110. Accordingly, with respect to Count II, Pastrana is entitled to recover **$4,420.375** in unpaid regular wages.

### ii. Gartenmayer

Gartenmayer seeks damages for unpaid regular, minimum, and overtime wages as well as liquidated damages under Chapter 448, Florida Statutes. Based on the Amended Complaint and her affidavit in support of the Motion, Gartenmayer seeks $4,300.00 in compensatory damage for her unpaid regular, minimum, and overtime wages, plus an equal amount in liquidated damages, for a total of $8,600.00. The Court finds an error in Gartenmayer's calculation but concludes that a hearing is unnecessary to determine the appropriate damages in this case.

Gartenmayer's Affidavit sufficiently demonstrates the amount and extent of work she performed for which she was improperly compensated. Gartenmayer contends she is owed $4,300.00 in unpaid wages under Florida common law. However, because Gartenmayer cannot recover for the same element of damage twice, *see Grantham*, 2017 WL 11113198, at *6, she is entitled to the difference between her unpaid wages ($4,300.00) and the amount she received under the FLSA ($1,087.50):

| | | |
|---|---|---|
| | Unpaid Wages: | $4,300.00 |
| | - Total received under the FLSA: | $1,087.50 |
| 1. | Remaining Unpaid Wages for December 2020: | $3,212.50 |
| | **TOTAL:** | **$3,212.50** |

Gartenmayer also seeks liquidated damaged under Fla. Stat. § 448.110(6)(c)(1) in the amount of $1,284.00. However, because Gartenmayer has already recovered minimum wage damages and liquidated damages under the FLSA, the Court exercises its discretion to deny an award of liquidated damages under Fla. Stat. § 448.110. Accordingly, with respect to Count II, Gartenmayer is entitled to recover **$3,212.50** in unpaid regular wages.

    **c. Count III - Aider and Abettor Liability**

Count III asserts a claim against Lessegue in his individual capacity. Plaintiffs request that the Court find that Lessegue was Plaintiffs' "employer" under the FLSA and aided and abetted the willful violations asserted in this case. Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). "Whether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (internal quotation marks omitted) (citations omitted). "[T]o support individual liability, there must be control over "significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013). Chapter 448, Florida Statutes, adopts the definition of the FLSA for "employer." Fla. Stat. § 448.109(1)(a).

By virtue of his default, Lessegue admits he is the owner and chief operating officer of both Level Up Fitness and Growth Fitness. ECF No. [25] ¶ 11. Lessegue is also listed as the registered agent for both Level Up Fitness and Growth Fitness. *Id.* Level Up Fitness and Growth Fitness have the same principal place of business, share assets and locations, had shared

employees, common management and ownership, and exercised common control over operations. *Id.* ¶ 12.

Lessegue managed and operated Level Up Fitness and Growth Fitness and exercised authority to hire and fire employees, determine their work schedules, set the rate of pay for employees, determine the employees' rent obligations for use in the gym, and to control the finances and operations of both Level Up Fitness and Growth Fitness. *Id.* ¶ 14. Further, Pastrana and Gartenmayer attached correspondence with Lessegue to their affidavits, showing that Lessegue acknowledged the unpaid wages and would pay them at a later date. ECF No. [45] at 20, 26. Accordingly the Court finds Lessegue was Plaintiffs' employer under the FLSA, and therefore would be jointly and severally liable along with Level Up Fitness and Growth Fitness for the damages in Counts I and II.

### d. Count IV – Wage Theft

Count IV asserts a claim under Miami-Dade County's Wage Theft Ordinance, Chapter 22-5(1) (the "Ordinance"). According to Plaintiffs, the Ordinance creates a private right of action to redress wage theft in Miami-Dade County, and requires an employer to "pay wage restitution to the affected employee in an amount equal to three times the amount of back wages that the respondent employer is found to have unlawfully failed to pay the complainant employee." Ord. Ch. 22-5(1)(a). However, upon review, the Court cannot conclude that the Ordinance provides Plaintiffs with a remedy to seek in the first instance in a court of law. Rather, the Ordinance requires that a "complaint for wage theft must be filed with the County" and in accordance with the procedures set forth therein. Ord. Ch. 22-4(1)(c); *see also Green v. Stericycle, Inc.*, Case No. 16-cv-24206 (S.D. Fla. Dec. 15, 2016), ECF No. [38] (dismissing claim under Miami-Dade County's Wage Theft Ordinance on the basis "that the Ordinance does not provide an employee

the remedy of pursuing a private right of action in court in the first instance[.]"). As such, Count IV fails to state a claim for relief, and Plaintiffs' Motion is denied as to Count IV.

### e. Attorneys' Fees and Costs

Lastly, Plaintiffs seek to recover their attorneys' fees and costs pursuant to the FLSA and FMWA. Under Section 216(b), an employee may recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also* Fla. Stat. 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."). Here, Plaintiffs collectively request an extension of time to produce evidence of the full amount of attorneys' fees and costs expended in this matter. As such, the Court reserves jurisdiction to assess Plaintiffs' attorneys' fees and costs.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [43]**, is **GRANTED IN PART AND DENIED IN PART**.
2. Pursuant to Federal Rule of Civil Procedure 58, Final Default Judgment will be entered by separate order.
3. The Court reserves jurisdiction to assess Plaintiffs' attorneys' fees and costs. **On or before December 13, 2021**, Plaintiffs' counsel shall submit the affidavit(s), compliant with Local Rule 7.3(a), specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorneys' fees, and taxable/non-taxable costs.
4. The Clerk is directed to **CLOSE** this case.

Case No. 21-cv-21985-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 1, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Level Up Fitness LLC
Growth Fitness LLC
10851 SW 88th Street, # 308
Miami, FL 33176

Level Up Fitness LLC
Growth Fitness LLC
12151 SW 114th Place
Miami, Florida 33176

Jeffrey Lessegue
10851 SW 88th Street, # 308
Miami, FL 33176

Jeffrey Lessegue
12151 SW 114th Place
Miami, Florida 33176