## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-21985-BLOOM/Otazo-Reyes

CASANDRA PASTRANA, *et al.*,

      Plaintiffs,

v.

LEVEL UP FITNESS, LLC, *et al.*,

      Defendants.

_____/

### OMNIBUS ORDER ON MOTION FOR FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiff Casandra Pastrana's ("Pastrana") and Taylor Gartenmayer's ("Gartenmayer") (collectively, "Plaintiffs") Verified Motion for Attorney's Fees and Costs, ECF No. [45] ("Motion for Fees"), and Motion for Bill of Costs, ECF No. [46] ("Motion for Costs") (collectively, "Motions"). Defendants Level Up Fitness LLC, Growth Fitness LLC, and Jeffrey Lessegue (collectively, "Defendants") have not filed a response to the Motions. This Court previously granted Plaintiff's Motion for Final Default Judgment and entered a separate Final Default Judgment, *see* ECF Nos. [44] & [49], in which the Court reserved jurisdiction to assess Plaintiffs' attorneys' fees and costs. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted in part and denied in part.

### I.  ATTORNEYS' FEES

Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The language of the statute contemplates that the wronged employee should

receive his full wages plus the penalty without incurring any expense for legal fees or costs." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (internal quotation marks omitted) (citation omitted). Accordingly, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

The Court uses the lodestar method to determine a reasonable fee and analyzes both the hourly rate requested and the number of hours expended. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (quoting *Norman*, 836 F.2d 1292, 1299 (11th Cir. 1999)). "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Tyler v. Westway Automotive Service Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Plaintiffs seek a total of $15,885.00 in attorneys' fees. Specifically, Plaintiffs explain that Plaintiff's counsel billed 8.3 hours at a rate of $450.00 per hour with Armellino Law Group ($3,735.00) and 40.5 hours at a rate of $300.00 per hour with Josef Timlichman Law, PLLC ($12,150.00). In support of the requested hours and rates, Plaintiffs have submitted counsel's declaration and billing entries. ECF No. [45] at 5-11, 18-22. However, Plaintiff have provided no

supporting evidence that counsel's increased rate of $450.00 with Armellino Law Group is reasonable based on the prevailing rates in this District and the level of expertise required for this matter. *See Norman*, 836 F.2d at 1299; *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) ("Establishing a claimed market rate is the plaintiff's burden."); *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1364 (S.D. Fla. 2010) ("It is well settled that a fee applicant's failure to provide evidence supporting the requested rates is sufficient justification for reducing the requested fee award."). As such, the Court finds that a reduction of counsel's rate with Armellino Law Group is appropriate, and that $300.00 is a reasonable hourly rate for the work performed by counsel.

Additionally, upon review of counsel's time records, the charges do not appear excessive, redundant, or otherwise unnecessary. Thus, the Court finds that 48.8 hours were reasonably expended by Plaintiffs' counsel on the claims. Based on the foregoing, the Court awards to Plaintiffs attorneys' fees at a rate of $300.00 per hour for 48.8 hours expended, for a total of $14,640.00.

## II.  BILL OF COSTS

Plaintiff also requests reimbursement of $921.66 in costs. *See* ECF No. [46]; *see also* ECF No. [45] at 5-9, 12-17, 22-33. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R.  iv. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28

U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)).

> Under 28 U.S.C. § 1920, the Court may tax the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The party seeking costs must not only show that the costs claimed are recoverable but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (citation omitted).

In the present case, Plaintiffs seek to recover the following as costs: filing fees ($402.00), service of process ($240.00), printing ($96.18), and postage ($183.48). However, upon review of Plaintiffs' materials in support of their request for reimbursement, the Court finds that Plaintiffs are only entitled to recover as costs their filing fees, service of process fees, and printing fees incurred in this case, for a total of $738.18. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-

CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"); *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C. § 1920(1) which permits taxation of "[f]ees of the clerk and marshal"); *Samana, Inc. v. Lucena*, No. 17-24677-CIV, 2019 WL 11623927, at *5 (S.D. Fla. Sept. 16, 2019), *report and recommendation adopted*, 2019 WL 11623925 (S.D. Fla. Dec. 16, 2019) ("Copying costs are recoverable if the copies were 'necessarily obtained for use in the case." (quoting 28 U.S.C. § 1920(4)); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (holding that "costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees, which are clearly nonrecoverable.").

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motions, **ECF No. [45] & [46]**, are **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are awarded **$14,640.00** in attorneys' fees and **$738.18** in costs, totaling **$15,378.18**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

5